## Case No. 15,608.

### UNITED STATES ex rel. RITCHIE v. LITLE.

[3 Cranch, C. C. 251.][1]

Circuit Court, District of Columbia. Dec. Term, 1827.

PLEADING AT LAW—NUL TIEL RECORD—APPOINTMENT OF GUARDIAN.

1. When the record set forth in the declaration is not the foundation of the action, but

only matter of conveyance or inducement, nul tiel record is not a good plea, for it is no answer to the whole count.

2. When the record is shown forth in the declaration, the defendant may deny the operation thereof.

3. An order of the orphans' court, that J. T. R. enter into bond as guardian to J. W. O., is not an appointment of J. T. R. to the office of guardian.

This was an action of debt [against John Litle] for $18,000, the penalty of Mrs. Ann Ott's administration bond, in which this defendant, John Litle, was surety. It was brought in the name of the United States, for the use of John T. Ritchie, guardian of John W. Ott, the infant son of Doctor John Ott, upon whose estate Mrs. Ann Ott, his widow, was administratrix. The condition of the bond was in the usual form, that she should "well and truly perform the office of administratrix, according to law, and should, in all respects, discharge the duties required by law of her as administratrix, without any injury or damage to any person interested in the faithful performance of said office."

The declaration recites the bond with its conditions; and avers, that "the said Ritchie was appointed guardian of the said John W. Ott, infant, by order of the orphans' court of the county aforesaid, passed, made, and entered on the ninth day of August, 1825, as will more fully appear by the record of the said orphans' court, which for greater certainty, is here referred to, and an official transcript from which is to the court now here shown, and is in these words: "Tuesday, the 9th August, 1825. The court met, &c. John T. Ritchie files in court a written application from John W. Ott, that John T. Ritchie may be made his guardian. Whereupon it is ordered, that said John T. Ritchie enter into bond, as guardian of John W. Ott, in the penalty of $10,000, with Doctor Charles A. Beatty, and Mary C. Ott, as securities. Copy from the record of the proceedings of the orphans' court of Washington county, District of Columbia. Test: Henry C. Neale, Reg. Wills."

The breach assigned is, that Mrs. Ott did not pay over to the said J. T. Ritchie, $1,000, according to an order made by the orphans' court, on the 10th of August, 1825.[2]

The defendant pleaded "that the said John T. Ritchie is not, nor ever hath been guardian of the said John W. Ott, in manner and form, as the plaintiffs have above, in the said declaration, in that behalf alleged; and this, he the said defendant prays may be inquired of by the country, &c."

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] The declaration concludes thus: "And therefore they bring suit, &c., and the said plaintiffs by their said attorney, bring here into court, the letters of appointment of the said John T. Ritchie, as guardian aforesaid, whereby it appears to the court here, that the said John T. Ritchie is the guardian of John W. Ott, aforesaid, and has the care of his person and estate."

To this plea there was a general demurrer and joinder.

Mr. C. C. Lee and Mr. Jones, in support of the demurrer, contended that the defendant could not deny the guardianship without denying the record, by plea of nul tiel record.

Mr. Marbury, contra. It is not necessary that the plaintiff should show himself to be guardian by matter of record. He might have been guardian by other means; and the record does not show an appointment by the orphans' court. It is only where the cause of action, or matter of defence, is matter of record, that it is necessary to refer to the record, or to plead nul tiel record. It is like the plea of never administrator.

Mr. Redin, on the same side, cited 1 Chit. 481, and 2 Chit. 450, that the plea of nul tiel record only denies the existence of the record. If J. T. Ritchie might have been guardian, although there might have been no such record, nul tiel record would have been a bad plea. This court has decided, in the case of Mauro v. Ritchie [Case No. 9,312], that the appointment was absolutely void, because the judge of the orphans' court had not jurisdiction. It is therefore no record.

THE COURT (THRUSTON, Circuit Judge, absent) gave judgment for the defendant upon the demurrer:

1. Because, as the record set forth in the declaration, was not the foundation of the action, but was only matter of conveyance or inducement, the plea of nul tiel record was not an answer to the whole count; for the count avers letters of guardianship, and makes a profert of them; and non constat, that Ritchie was not guardian, although not appointed by the orphans' court, as is supposed to have been stated in the record set forth in the declaration; and notwithstanding the issue on the plea of nul tiel record, if it had been pleaded, might have been found for the defendant, the plaintiffs would not have been precluded from showing that Mr. Ritchie was guardian by other means.

2. Because nul tiel record is not a good plea where the record is "showed forth;" but the defendant may deny the operation thereof; namely, that the record does not show the appointment. Com. Dig. "Pleader" (2 W. 13); Young v. Pennington, Hardr. 158; System of Pleading, 368, 369; Eden's Case, 6 Coke, 15b, and Co. Litt. 260a, says, "If a grant, by letters patent under the great seal be pleaded and showed forth, the adverse party cannot plead nul tiel record; for that it appears to the court that there is such a record; but inasmuch as it is in the nature of a conveyance, the party may deny the operation thereof; therefore he may plead non concessit, and prove in evidence that the king had nothing in the thing granted, or the like; and so it was adjudged."

3. Because nul tiel record is not a necessary plea where the record is not the foundation of the action.

4. Because the record recited in the declaration does not purport to be an appointment of Mr. Ritchie, as guardian, and therefore the plea that he never was guardian, does not conflict with that record. The record only seems to take it for granted that he had been before appointed in some way not stated; perhaps by the infant himself. It is only an order that an existing guardian should give bond and security.